CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 7:05CV368<br>)<br>) |
| v. | )<br>) MEMORANDUM OPINION |
| BROTHERHOOD OF RAILROAD SIGNALMEN, | )<br>)<br>) |
| Defendant. | ) By: James C. Turk<br>) Senior United States District Judge |

This matter is before the court on defendant Brotherhood of Railroad Signalmen's (BRS) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and on Plaintiff Norfolk Southern Railway Company's (NSR) motion to compel discovery. The case presents issues arising from a dispute over NSR's use of subcontractors on the Georgia North Train Capacity Improvement Project (Georgia North Project), BRS's related threats to strike, and its strike of June 16, 2005. NSR has responded to BRS's motion to dismiss and the court heard oral arguments on May 12, 2006. Upon consideration of the record, the arguments of counsel, and the applicable law, the court will grant BRS's motion to dismiss on the record as it now exists, but will first allow NSR ten (10) days to amend its complaint if it desires to do so. NSR's motion to compel discovery will be denied.

I.

Within the meaning of the Railway Labor Act (RLA), NSR is a railway carrier engaged in interstate commerce, and BRS is a representative union. The facts alleged by NSR are as follows. A dispute between NSR and BRS arose over NSR's use of outside contractors on the Georgia North Project. NSR's right to use subcontractors is provided for by contract with BRS, and the

interpretation of that contractual provision was disputed by the parties. BRS threatened to strike over the dispute, and in response NSR filed this action on June 14, 2005. Count I of the complaint seeks declaratory judgment of the parties' rights and obligations concerning dispute resolution of labor agreements under the RLA, and injunctive relief prohibiting BRS from striking. Count II of the complaint requests permanent injunctive relief to prevent BRS from utilizing an alleged pattern or practice of threatening or using unlawful economic self-help to force resolution of contractual disputes which are exclusively committed to arbitration under the RLA. After NSR filed this action, BRS went on strike the morning of June 16, 2005 by establishing picket lines at dozens of NSR's railroad locations throughout numerous states. The strike lasted about thirty minutes before NSR obtained a temporary restraining order from this court halting the strike. NSR contends that because the dispute concerned a matter of contract interpretation the strike was unlawful. Following issuance of the temporary restraining order, NSR filed its motion for a preliminary injunction on June 20, 2005, requesting that BRS be prohibited from resuming an unlawful strike concerning this matter. On June 24, 2005, a hearing on the preliminary injunction was held. On that day by a consent order the court denied NSR's motion for a preliminary injunction since BRS represented to the court that it would not strike pending arbitration and execution of an award concerning the parties' contractual dispute over NSR's use of outside contractors.

On November 28, 2005, the arbitration board issued an award disposing of all questions relating to NSR's use of subcontractors on the Georgia North Project. On April 6, 2006, BRS filed its motion to dismiss alleging that it had been four months since the arbitration award was issued in NSR's favor, and that BRS's no-strike pledge had expired seven days following issuance of that award. BRS avers that the dispute over subcontracting work on the Georgia North Project is

2

resolved; that BRS has not and will not take any further action over the dispute; and that BRS will not seek judicial review of the award and waives its right to do so. BRS moves that count I be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as moot because it no longer presents a live case or controversy. This is because the matter was arbitrated, resolved, and BRS has respected and will continue to respect the result of that arbitration. BRS moves that count II be dismissed pursuant to Rule 12(b)(6) since it fails to state a claim upon which relief may be granted. NSR in count II seeks to permanently enjoin BRS from the threat of or use of self- help in future situations. BRS contends that no imminent threat of harm or injury exists to base an injunction upon, and an injunction may not be issued based on NSR's insecurity or fear that BRS may use unlawful economic self-help at some point in the future. Furthermore, BRS contends that it has no pattern or practice of engaging in unlawful economic self-help, and that it has threatened to use or used economic self-help only four or five times over the past six years. NSR does not contest these figures.

In its brief in opposition to BRS's motion to dismiss, NSR amended its original request for relief by asking for prospective injunctive relief in the form of a ten (10) day notice requirement of BRS's intent to strike. To support its request for this prospective relief, NSR relies upon the Fifth Circuit's holding in Burlington Northern & Santa Fe Ry. v. Brotherhood of Maintenance Way Employees, 286 F.3d 803, 804-06 (5th Cir. 2002) (affirming injunction of ten (10) days notification of intent to strike where defendant union had previously engaged in at least eighteen deliberately unlawful surprise strikes that interrupted interstate commerce). NSR insists that the dispute is not totally resolved because it intends on exercising its contractual rights to use subcontractors on other projects similar to the Georgia North Project, and the arbitration award only resolved contractual

3

disputes concerning the Georgia North Project. NSR requests that it be given an opportunity to amend its complaint should the court decide to grant BRS's motion to dismiss.

The parties have fully briefed the issues of BRS's motion to dismiss and oral arguments were heard on May 12, 2006. Therefore, the motion is ripe for disposition.

## II.

NSR's claims in count I are moot because the matter has been arbitrated and thus resolved. Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss claims over which it lacks subject matter jurisdiction. The court lacks subject matter jurisdiction over claims that are moot. The United States Supreme Court has stated that the duty of the federal courts "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653 (1895). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Whether a claim is moot must be determined by its particular facts. Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3rd Cir. 1987) ("there is no precise test for ascertaining with precision whether a particular claim has become moot [ ] [,s]uch a determination therefore becomes 'an intensely factual inquiry'"). In a case similar to the one at bar, on appeal the Fourth Circuit vacated an anti-strike injunction issued by this court and held that the district court could not entertain a claim for injunctive relief absent an imminent strike or threat of illegal action and injury. Norfolk and W. Ry. Co. v. Brotherhood of Railroad Signalmen, 164 F.3d 847, 856 (4th Cir. 1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1994)).

4

In count I NSR seeks to enjoin BRS from illegally striking in connection with its use of subcontractors. BRS did strike over the dispute on that project, the court enjoined BRS from illegally striking until a hearing on the injunction could be held, and immediately following that hearing the parties agreed by consent order to deny NSR's injunction as the matter was then in arbitration. BRS agreed not to strike pending arbitration and for seven days following the issuance of an award. The arbitrator ruled in favor of NSR. BRS has not appealed that decision. Four months have passed since the award was issued; BRS has not engaged in or threatened economic self-help since the award; and BRS states that it will not seek judicial review of the award and has waived its right to do so. See Mills, 159 U.S. at 653. Furthermore, the Georgia North Project has now been completed. See id. This court cannot entertain injunctive relief absent the threat of or use of illegal action and injury to NSR by BRS. See Norfolk and W. Ry. Co., 164 F.3d at 856. Based on these facts, which the parties do not dispute, the declaratory and injunctive claims pertaining to count I have been resolved and are therefore moot. See Fed. R. Civ. P. 12(b)(1); Powell, 395 U.S. at 496; Norfolk and W. Ry. Co., 164 F.3d at 856; see also 29 U.S.C. § 107(a).

### III.

BRS moves to dismiss count II of NSR's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). NSR's request in count II for permanent prospective injunctive relief to prevent BRS from engaging in future strikes over disputes that may arise concerning the parties' labor agreements fails to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) should not be granted unless it is clear as a matter of law that after accepting the facts alleged in the complaint to be true and construing the allegations in the light most favorable to the plaintiff, the court could not grant relief under any set of facts that the plaintiff could prove

Case 7:05-cv-00368-JCT   Document 38   Filed 06/02/06   Page 5 of 7   Pageid#: 293

consistent with its allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs., 882 F.2d 870, 872 (4th Cir. 1989). Construing the facts and allegations presented by NSR in its favor, the court cannot grant it prospective injunctive relief.

In order for an injunction to be granted in railway labor actions, the moving party must show evidence that a strike, or injury, is imminent. E.g., Norfolk and W. Ry. Co., 164 F.3d at 856 (quoting Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986) ("An injunction is a drastic remedy and will not issue unless there is an imminent threat of illegal action."); and citing O'Shea v. Littleton, 414 U.S. 488, 502 (1974) (stating that substantial and immediate irreparable injury must be shown for an injunction); Congress of Racial Equality v. Douglas, 318 F.2d 95, 100 (5th Cir. 1963)). Moreover, "[a]n injunction 'will not be granted against something merely feared as liable to occur at some indefinite time in the future.'" Id. (citing Bloodgood, 783 F.2d at 475 (internal quotation omitted).

In its brief in opposition to BRS's motion to dismiss, NSR asks for prospective injunctive relief in the form of ten (10) days notice of BRS's intent to strike. To support its request for this specific prospective relief, NSR relies upon the Fifth Circuit's holding in Burlington Northern & Santa Fe Ry. v. Brotherhood of Maintenance Way Employees, 286 F.3d 803, 804-06 (5th Cir. 2002). In that case, the circuit court issued an injunction requiring the union to give the railway ten days notice of its intent to strike because the union had engaged in deliberate and unlawful surprise strikes at least eighteen times and increased the pattern in recent years. The facts in the case at bar are distinguished from Burlington Northern & Santa Fe Ry. Here, BRS either threatened to use or did use economic self-help only five times over the past six years. More importantly, the dispute at issue in this action has been arbitrated pursuant to the RLA and BRS maintains that it will continue

6

to abide by that award. See Norfolk and W. Ry. Co., 164 F.3d at 856-57. Furthermore, BRS has not appealed that award or engaged in threats of or use of economic self-help following the court's issuance of a temporary restraining order on June 16, 2005 which halted the strike. See id. The Fourth Circuit has clearly stated that in order for the district court to issue an injunction in actions such as this one, NSR must show evidence that a strike is imminent. See id. Clearly, NSR fails to show that BRS will strike over the contractual dispute concerning its use of subcontractors in the near future. See id. Therefore, the court finds that NSR fails to state a claim for permanent prospective injunctive relief upon which such relief may be granted. See Fed. R. Civ. P. 12(b)(6); Hishon, 467 U.S. at 73; Revene, 882 F.2d at 872.

## IV.

For the reasons stated, the court finds that count I of NSR's complaint is moot, and count II fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(1),(6). Therefore, the court will grant BRS's motion to dismiss pursuant to Rule 12(b)(1) and (6). Prior to dismissal of this action, the court will allow NSR ten (10) days to amend its complaint if it be so advised.

**ENTER**: This 2nd day of June, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Case 7:05-cv-00368-JCT   Document 38   Filed 06/02/06   Page 7 of 7   Pageid#: 295